IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KLEIN INDEPENDENT SCHOOL DISTRICT, § § § | |
| Plaintiff/Counter-Defendant and § § | |
| TEXAS EDUCATION AGENCY, § § | |
| Defendant, § | |
| VS. § | CIVIL ACTION H-09-137 |
| § | |
| PER HOVEM, KNUT HOVEM AND SIGNE HOVEM, § § § § | |
| Defendants/Counter-Plaintiffs. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, grounded in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A), appealing a Special Education Hearing Officer's decision ordering Plaintiff/Counter-Defendant Klein Independent School District ("KISD") to reimburse Per Hovem's family for private educational expenses incurred by them for his placement at a residential facility located in Massachusetts and for future education expenses,[1] are *inter alia* the following

---

[1] In *Per H. b/n/f Knut and Signe H. v. Klein Indep. Sch. Dist.*, Docket No. 265-SE-0608, the hearing officer held that KISD denied Per Hovem a free appropriate public education ("FAPE") and ordered KISD to reimburse his parents for the expenses they incurred in placing him in a private school in Massachusetts. KISD initially stated that it was withholding reimbursement during the

motions: (1) Third Party Defendant Texas Education Agency's ("TEA's") motion to dismiss Defendants/Counter-Plaintiffs' third party claims pursuant to Fed. R. Civ. P. 12(b)(6) (#15); (2) TEA's motion to dismiss and/or for summary judgment (#48); and (3) Hovem Defendants' motion for nonsuit and voluntary dismissal without prejudice of TEA (#49).

The Hovems have filed a counter appeal against KISD and a third-party claim against the TEA seeking reimbursement from KISD and/or the TEA for previous and ongoing costs of Per's education.

**Facts**

Per Hovem is an adult student with a disability within the meaning of the IDEA. In the spring of 2008, he was a senior at Klein Oak High School in KISD. His parents, Knut and Signe Hovem, finding his education program unsatisfactory,[2] placed him in a private school, the Landmark School in Massachusetts in the summer

---

pendency of this appeal. 19 Tex. Admin. Code § 89.1185(p); #22 at 1-2.

[2] To satisfy the IDEA's requirement that to receive federal funding for educational programs, states must provide disabled children with a FAPE, a disabled child's school district must provide an individualized education plan ("IEP") designed to meet that child's particular individual needs, i.e., a plan "reasonably calculated to enable the child to receive educational benefits." 20 U.S.C. §§ 1401(a)(9) and 1412(a)(1)(A); *Board of Educ. v. Rowley*, 458 U.S. 176, 207 (1983). Parents dissatisfied with the school districts IEP may challenge the school district's actions through an impartial due process hearing. 20 U.S.C. § 1415(f)(1); 34 C.F.R. § 300.660. In this instance the hearing officer sided with the Hovems and ordered reimbursement of educational expenses for the private school, and KISD requested judicial review of his order.

of 2008. Meanwhile on June 26, 2008 the Hovems filed a request for a special education due process hearing with TEA. An independent hearing officer, appointed by TEA, presided over an evidentiary hearing on December 3-5, 2008. His decision, issued on January 9, 2009, concluded that Per Hovem had been denied a FAPE and ordered KISD to reimburse the Hovems $66,630 for private school costs incurred up to that time and to pay them for the cost of Per's continued placement at Landmark School until he completes its program or until the end of the 2009-10 school year, whichever occurs first.

On January 20, 2009, KISD filed this action for judicial review of the hearing officer's decision. The Hovems filed an answer on March 3, 2009 and added a counter appeal against KISD and a third-party claim against TEA, seeking reimbursement from either or both for previous and continuing costs of Per's education.

## Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).

**I.   Third-Party Defendant TEA's Motion to Dismiss (#15)**

TEA argues regarding the Hovems' third-party complaint that the Hovems are improperly using Rule 14(a) to bring a separate and independent claim against TEA that is not derivative of KISD's claim against the Hovems.  TEA points out that KISD's complaint does not state a claim against the Hovems, but only seeks a review of the Special Education Hearing Officer's[3] decision.  Therefore, it maintains, the Defendants/Counter Plaintiffs' third-party claim must be dismissed.

In response the Hovems claim that KISD continuously failed to provide Per Hovem with special education services commensurate with his individualized needs, i.e., a satisfactory IEP, as required by the IDEA, 20 U.S.C. §§ 1400, *et seq.*  Following the due process hearing requested by them, at which they argued that the IEP was not adequate and sought reimbursement for their private school costs, past and future, the hearing officer determined that the Hovems were correct, the decision which KISD now appeals.  When the Hovems asked the school district to comply with the hearing officer's order, KISD refused to reimburse them and argued the TEA was the responsible party to reimburse the family during this appeal process.  The Hovems then filed the third-party complaint against TEA requiring it to explain why it should or should not be

---

[3] The Special Education Hearing Officer is appointed by the Commissioner of Education of the State of Texas.

required to reimburse the Hovems for educational costs they have incurred and will continue to incur.

The Hovems insist they have met the elements to bring in a third-party defendant. They reasonably believe that TEA may be liable for their reimbursement claim, which has substance. They also do not believe that bringing in TEA would cause prejudice to the other parties or undue delay in the litigation, and no one has claimed such. Including TEA in this case would foster important policy concerns, such as avoiding duplicative suits on closely related issues; if TEA is not made a party to this suit, it is likely that either the Hovems or KISD or both would have to file a separate suit against TEA. It is undisputed that the TEA Hearing Officer has the authority to order KISD to reimburse the Hovems, but KISD initially refused to do so based upon regulations promulgated by TEA, i.e., 89 T.A.C. § 1185(q)(" . . . [A] district shall implement the Hearing Officer decision within ten (10) days but may withhold reimbursement during pendency of the appeals.").[4] KISD also argues that TEA has this responsibility for reimbursement during the appeal. Urging that TEA apparently has given local school districts the discretion to make an ordered reimbursement or to withhold it, the Hovems cite 34 C.F.R. Part 300.518(d) in relevant part:

---

[4] The Hovems maintain that TEA's responsibility is clear under both the previous regulation, 34 C.F.R. § 514, or the current one, 34 C.F.R. § 518(d).

> If the hearing officer in a due process hearing conducted by the SEA[5] or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between *the State and the parents* for purposes of paragraph (a) of this section (emphasis added by the Hovems).

Paragraph (a) states that "unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement." The Hovems argue that the absence of any language regarding the local school district is material to whether or not TEA is liable in any degree to the Hovems.  Before amendment in 2004, the IDEA provided that the educational placement of a child must be treated as an agreement among the State, the local education agency, and the parents, with the costs of reimbursement to be divided between the state educational agency (here, TEA) and the local educational agency (here, KISD).  Now the law and rule have changed, making clear Congressional intent that a small school district not be required to bear the cost of reimbursement during an appeal in federal court of a Hearing Officer's ruling.  Because TEA must provide Per Hovem with a FAPE, argue the Hovems, TEA is a responsible third party under 20 U.S.C. § 1412(a)(11)(noting TEA is responsible "for assuring the requirements of [the IDEA] are carried out.").  *See also* 20 U.S.C. § 1413(g)(the state agency is the responsible party if the local education agency is "unable to

---

[5] TEA is the State Educational Agency ("SEA") in this case.

establish and maintain programs of free appropriate public education"). Thus where KISD is "unable to establish and maintain programs of free appropriate public education," TEA must bear the costs of providing the child with a free education. 20 U.S.C. § 1413(g) and § 1412(a)(10)(B)(i).

KISD's response (#22 at 3) to TEA's motion agrees with the Hovems that their claim for reimbursement from TEA to recover the costs for Per's placement during this litigation falls within the parameters of Rule 14 and 34 C.F.R. § 300.518(d)(finding hearing officer's placement decision is an agreement between parent and State for purposes of funding private placement during the school district's appeal of that decision). In addition, it points out that Rule 13(h) allows "persons other than those made parties to the original action may be made parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20." Rule 20 permits joinder of all persons "in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transaction or occurrence and if any question of law or fact common to all defendants will arise in the action."

Since these briefs were filed, the Hovems were granted leave (#29) to file a supplement (#31) to their answer to the complaint, and in that supplement they added an assertion of joinder of TEA

under Federal Rules of Civil Procedure 13(h), 19, or 20.

**Relevant Law:**

**A. Federal Rule of Civil Procedure 14(a)(1)**

Under Federal Rule of Civil Procedure 14(a)(1), "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." A third-party claim by a defendant cannot be an independent or related claim, but must be based upon the plaintiff's claim against the defendant. *United States v. Joe Grasso & Sons, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)(for impleader to be available, the third-party defendant must be "'liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff."). In a third-party complaint the defendant "is attempting to transfer to the third party defendant the liability asserted against him by the original plaintiff." *Briones v. Smith Dairy Queens*, *Ltd.*, Civ. A. No. V-08-48, 2008 WL 4200931 *2 (S.D. Tex. Sept. 9, 2008), *citing Anadarko Petroleum Corp. v. Great Plains Gas Compression, Inc.*, Civ. A. No. H-05-1949, 2997 WL 38327, *1 (S.D. Tex. Jan. r, 2007." "[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim. " Grasso, 380 F.2d at 751. "[W]hen the defendant's right against the third party is merely an outgrowth of the same core of facts which determines the

plaintiff's claim, impleader is properly used 'to reduce litigation by having one lawsuit do the work of two.'" *Briones*, 2008 WL 4200931 *2. Courts have a great deal of discretion in deciding whether to permit a third party procedure. *Id., citing McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984). In determining whether to allow a third-party complaint, the court should consider (1) prejudice to other parties, (2) undue delay by the third-party plaintiff, (3) lack of substance to the third-party complaint, and (4) advancing the purposes of Rule 14, including avoiding duplicative suits on closely related issues. *Id.*, *citing* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1443 at 300-11 (2d ed. 1990).

B.  **Federal Rule of Civil Procedure 13(h)**

Rule 13(h) provides, "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." It permits a party to join additional parties who were not originally in the litigation to a counterclaim or cross claim. Nevertheless such a "a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action but must involve at least one existing party." 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Prac. & Proc. Civ. 2d* § 1435 at 270-71 (1990), *citing Brown v. Int'l Union, United Auto.*, 85 F.R.D. 328, 333 (W.D. Mich. 1980)(holding that any attempt to add a new person as a cross-defendant under 13(h) is improper if he

is the sole cross-defendant because "it is well established . . . that the cross-claim must include as a cross-defendant at least one existing co-party").    For purposes of Rules 13(h), 19, and 20, the Hovems' "third-party complaint" against newly joined TEA, allegedly jointly and severally liable with KISD, an original party to the suit, would be re-characterized as a cross complaint.

As they impliedly have by moving to supplement their pleadings, the Hovems may employ Rule 13(h) to join additional parties (here, TEA) to cross-claim under Rule 19 or 20.

**C.   Federal Rule of Civil Procedure 19**

Federal Rule of Civil Procedure 19(a)(1), addressing "Persons Required to Be Joined if Feasible," provides,

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an exiting party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**D.   Federal Rule of Civil Procedure 20(a)**

Rule 20(a)(2), addressing permissive joinder, states in

relevant part,

>   Persons . . . may be joined in one action as defendants if:
>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

The main intent of Rule 20 is to facilitate trial convenience and to hasten the resolution of disputes, thereby eliminating unnecessary lawsuits. *Lichterman v. Pickwick Pines Marina, Inc.*, Civ. A. No.1:07CV256-SA-JAD, 1010 WL 807439, *2 (N.D. Miss. Mar. 2, 2010), *citing Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000)(en banc), *overruled on other grounds as stated in Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995). The district court should liberally construe permissive joinder of claims and parties in the interest of judicial economy. *Id., citing United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Nevertheless, even if the joinder transaction requirement is met, the court retains the discretion to refuse to join to avoid delay or prejudice. *Applewhite*, 67 F.3d at 574.

The Court agrees with KISD that the Hovems can bring their claims against TEA in this action under either Fed. R. of Civil Procedure 14(a) or under Rules 13(h) and 20. The Hovems' claims against TEA arise out of the same transactions and occurrences as their claims against KISD and share common questions of law and fact. Moreover permissive joinder serves judicial economy here by eliminating the necessity of a separate suit against TEA should the Hovems prevail against KISD. No party has asserted delay or prejudice if the joinder were allowed. Accordingly, the Court denies TEA's motion to dismiss.

**II. TEA's Motion to Dismiss or For Summary Judgment (#48)**

In the course of this litigation, on April 28, 2009, KISD agreed to pay reimbursement of Per's education costs at the Landmark School during the pendency of this appeal. Ex. 1 to #48. Moreover, there is evidence in the record that KISD has paid them. *Id.*

TEA asks the Court to dismiss Defendants/Counter-Plaintiffs the Hovems' claims against it or to grant summary judgment in TEA's favor for two reasons: (1) the Hovems' claims for payment of Per's pendency placement at the Landmark School during pendency of this appeal are moot and should be dismissed because on April 28, 2009 Counter-Defendant KISD and TEA reached an agreement insuring

-13-

reimbursement by KISD to the Hovems for those "stay put" costs,[6] and the Hovems have received those payments (Ex. 1 to #48), thus mooting the claim; and (2) the Hovems have failed to state a claim upon which relief can be granted for reimbursement of Per's private school expenses incurred before the hearing officer's decision.

Regarding the second reason, TEA insist there is no legal basis for now awarding the Hovems relief for educational expenses of $43,130 incurred prior to the due process hearing. 19 TAC § 89.1185(p) states,

> In accordance with 34 C.F.R. Section 300.518(d),[7] a school district shall implement any decision of the hearing officer that is, at least in part, adverse to the

---

[6] IDEA's "stay put" provision, 20 U.S.C. § 1415(j), "Maintenance of current educational placement," states,

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

[7] 34 C.F.R. 300.518(d) provides, "If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section." Paragraph (a) recites, "Except as provided in § 300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement."

> school district in a timely manner within ten school days after the date the decision was rendered. *School districts* must provide services ordered by the hearing officer, but *may withhold reimbursement during pendency of appeals*. [emphasis added]

When KISD notified TEA that it had filed an appeal of the hearing officer's ruling and that it would not pay any of the amounts ordered by the hearing officer, TEA informed KISD that 19 TAC § 89.1185(p) permitted it to withhold reimbursement of $66,630 for the costs associated with the parents' unilateral placement of the student at the Landmark School before the due process hearing decision, but required KISD to fund the student's "stay put" placement from the date of the hearing officer's decision, January 9, 2009, for the duration of the appeal.[8] KISD followed its instructions.

There has been no response to TEA's second motion to dismiss, but the Hovems' motion for nonsuit and voluntary dismissal answers it indirectly.

### III. Hovem Defendants' Opposed Motion for Nonsuit and Voluntary Dismissal Without Prejudice (#49)

The Hovems seek nonsuit and dismissal without prejudice of TEA

---

[8] TEA cited *HISD v. VP b/n/f Juan and Sylvia P.*, 2009 WL 1080639 (5th Cir. Apr. 23, 2009)(when a hearing officer orders a school district to reimburse parents for a private school placement, the school district is required to pay for the child's private school placement from the point of the administrative decision forward), but it was withdrawn and superseded by *HISD v. VP ex rel. Juan P.*, 582 F.3d 576 (5th Cir. 2009), *pet. for cert. filed*, 78 U.S.L.W. 3447 (Jan. 04, 2010)(No. 09-841).

on the grounds that their claims against TEA are now moot, but they conclusorily argue that these claims could become ripe and justiciable in the future.

TEA objects and asks the Court to deny the motion and dismiss all claims against it with prejudice because they are moot and the Court no longer has subject matter jurisdiction. TEA points out that under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a third-party claimant's voluntary dismissal must be made before a responsive pleading is served, or if there is no responsive pleading, before evidence is introduced at a hearing or trial. *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979).

**Relevant Law**

**Mootness**

Article III, section 2, clause 1 of the United States Constitution empowers a federal court to hear only an actual, ongoing "case or controversy." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976) "'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), *quoting* *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual

injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id., citing id.* The parties must continually have a personal stake in the outcome of the lawsuit. *Id., citing id.* "[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). If the action is moot, the Court should dismiss it for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3)(a federal court must dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter").

There are exceptions to the mootness doctrine: the Court will not dismiss a claim as moot if

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). *cited inter alia by Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002), and *Justiz-Cepero v. INS*, No. 3:02cv2305-K, 2004 WL 915612, *6 (N.D. Tex. Apr. 28, 2004), *adopted*, 2004 WL 1393885 (N.D. Tex. June 21, 2004). The Hovems rely on the second exception, capable

Case 4:09-cv-00137 Document 55 Filed in TXSD on 03/22/10 Page 18 of 18

of repetition yet evading review. To satisfy the exception for capable of repetition yet evading review, the plaintiff must show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. at 17; *quoted by Fed. Elec. Comm'n V. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The Hovems have shown neither.

Accordingly, because KISD has agreed to pay, and has paid, reimbursement of the Hovems' private school expenses during pendency of this appeal, because TEA has shown as a matter of law that there is no legal basis for any additional obligation by it, and because the claims against TEA for Per's educational expenses by the Hovems during pendency of this review are moot and have not been shown to be capable of repetition yet evading review, the Court dismisses the claims against TEA with prejudice.

Accordingly, for the reasons indicated above, the Court

ORDERS that TEA's motion to dismiss (#15) is DENIED; the Hovems' motion for nonsuit and dismissal without prejudice (#49) is DENIED; and TEA's second motion to dismiss all claims asserted by the Hovems against TEA (#48) is GRANTED with prejudice.

**SIGNED** at Houston, Texas, this 22nd day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-18-